UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTEM KONEV** | **DOCKET NO. 2:25-cv-00608** |
| | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JAMIEN A. ARWIE, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus. Rec. Doc. 7. For the reasons set forth below, the undersigned recommends that Respondents' Motion to Dismiss be GRANTED.

### I. BACKGROUND

On May 5, 2025, Artem Konev, Petitioner, filed an application with this Court through which he sought the issuance of a writ of habeas corpus directing his release from the custody of the United States Immigration and Customs Enforcement ("ICE"). Doc. 1. According to the petition, Konev is a native and a citizen of Russia. Doc. 1, p. 3. In addition, he is a permanent resident of Brazil. *Id*. at p. 4. On July 2, 2025, he was removed from ICE's custody to the country of Brazil. *See* Declaration of Charles G. Ward, Acting Assistant Field Office Director, doc. 7-2.

### II. LAW & APPLICATION

An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*,

821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. App'x. 329, 331 (5th Cir. 2005) (citation omitted).

In the instant case, Mr. Konev has been removed from the United States and repatriated to the country of Brazil. Doc. 7-2. As such, Mr. Konev's petition for habeas relief under *Zadvydas* is now moot.

### III.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss filed by the Government (rec. doc. 7), be **GRANTED**, the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice, and this proceeding be terminated.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      THUS DONE AND SIGNED in chambers this 21st day of July, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE